OPINION
Appellee, Marshall Bellman, sued to evict appellee, Opal Covey, from commercial property she leased from him on Fassett street in East Toledo. In an amended complaint, appellee also sought a $19,000 judgment for unpaid rent. Appellant countersued alleging damages from appellee's breach of the lease agreement.
On September 11, 1997, the parties and their counsel conducted a settlement conference at the conclusion of which the parties appeared before the court and announced an agreement to terminate the case. The parties agreed that appellee would vacate the disputed premises and that appellee's claim and appellant's counter-claim would be dismissed with prejudice. The day following, appellant sought to withdraw her acceptance of the agreement. The trial court, however, denied appellant's motion to withdraw her acceptance and entered judgment in conformity with the agreement.
Appellant now appeals that judgment, arguing a number of issues going to the merits of her case.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and hereby render our decision.
Appellant concedes that she consented to the settlement agreement, but then changed her mind. The threshold issue then is whether the trial court abused its discretion in denying appellant's motion to withdraw her consent to the agreement. See,Booksbaum v. Christian (app. 1936), 21 Ohio Law Abs. 129. An abuse of discretion is more than an error of law or judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,168-169.
In this matter, the court specifically found that the settlement agreement was "fair and equitable." Appellant does not contest that she voluntarily entered into the agreement. Given these facts, we can see no evidence that the court's decision to enforce the agreement was an abuse of discretion. Consequently, to the extent that appellant complains that the court's action was erroneous, that argument is not well-taken. Given that, appellant's remaining assignments of error to the merits, they also are not well-taken.
The judgment of the Toledo Municipal Court is affirmed. It is ordered that appellant pay court costs of this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.