DECISION AND JUDGMENT ENTRY
This appeal comes to us from an order of the Wood County Court of Common Pleas, Probate Division, which denied a stepfather's petition to adopt his stepson as he did not have the consent of the boy's natural father. Because the trial court correctly determined that the natural father's failure to communicate with his son was justified, we affirm.
This matter arises out of the application of appellant, Robert V., to adopt his six-year-old stepson, Zachary V. The sole issue before us is whether appellant was required to obtain the consent of Zachary's acknowledged biological father, appellee David B., to effect this adoption.
Former R.C. 3107.06 required that, for a child born before January 1, 1997, consent for adoption must be obtained from both the child's mother and the child's acknowledged father. However, former R.C. 3107.07(A) excluded from the consent requirement a parent who, inter alia, has, "* * * failed without justifiable cause to communicate with the [child] for a period of at least one year * * *" prior to the filing of the adoption petition or placement.
In this case, appellant filed a petition for adoption, alleging that appellee had not communicated with Zachary for more than a year and that his consent was, therefore, not required. Appellee responded with a "motion in opposition" in which he conceded that he had no contact with Zachary since July 1996. Appellee, nevertheless, asserted that this was because Zachary's mother, appellant's wife, concealed Zachary's whereabouts and otherwise interfered with appellee's access to Zachary.
Following a hearing, the trial court found that appellant failed to meet his burden to prove by clear and convincing evidence that appellee's failure to communicate with Zachary was not "justifiable." Consequently, the court ruled that appellant could not proceed with the adoption, absent appellee's consent.
From this order, appellant now brings this appeal, setting forth the following single assignment of error:
 "THE TRIAL COURT'S RULING THAT THE BIOLOGICAL FATHER'S CONSENT TO THE ADOPTION WAS NECESSARY IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
A petitioner for an adoption who seeks to avoid the consent requirement of former R.C. 3107.06, pursuant to former R.C. 3107.07(A), must prove by clear and convincing evidence that 1) the natural parent failed to communicate with the child for the statutorily required one-year period, and 2) this failure was without justifiable cause. In re Adoption ofBovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus. The question of whether the petitioner has met this standard is in the province of the probate court and will not be disturbed on appeal unless the court's determination is against the manifest weight of the evidence. Id. at paragraph four of the syllabus; In re Adoption of Masa
(1986), 23 Ohio St.3d 163, paragraph two of the syllabus. In order to meet this burden of proof, a petitioner must present competent and credible evidence sufficient to impose upon the court a firm belief or conviction both that the natural parent failed to communicate for one year and this failure was unjustified. C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus; see, also, In reForrest S. (1995), 102 Ohio App.3d 338, 344-345.
A petitioner who challenges the factual findings of a trier of fact is faced with the presumption that the factfinder's determinations are correct. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. This presumption is all the more rigorous to overcome for a party upon whom the burden of proof falls. That party has, "* * * little leave to complain if a finder of fact chooses not to believe some or all of his proofs." In re Scott (1996), 111 Ohio App.3d 273, 276, quoting Fantozziv. Sandusky Cement Product (June 24, 1994), Erie App. No. E-93-3, unreported.
Here, it was stipulated that appellee had not communicated with Zachary for the requisite period. The trial court, however, found that, in 1996, Zachary's mother and Zachary moved without advising appellee of the move or their new address. At the same time, Zachary's mother obtained an unlisted telephone. Although appellee attempted to contact Zachary's mother through his maternal grandmother, he was never told of the child's current whereabouts. In 2000, when Zachary's mother married appellant and again moved, appellee was once more not advised of the move. Zachary's mother admitted that she had denied appellee access to Zachary and refused to inform appellee of her current telephone number. On these findings, the court concluded that appellant did not prove that appellee's failure to communicate was unjustified. The court's findings are supported by the record. Moreover, in our view, its legal conclusion is sound. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Wood County Court of Common Pleas, Probate Division, is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.