**BOOKSBAUM v CHRISTIAN**

Ohio Appeals, 5th Dist, Richland Co

No 491.   Decided Feb 28, 1936

A. S. Beach, Mansfield, and Stuart H. Cramer, Mansfield, for defendant in error.

Joseph A. Bayer, Mansfield, for plaintiff in error.

## OPINION

By LEMERT, PJ.

On the first claimed ground of error, in as much as plaintiff in error has prepared only a partial bill of exceptions, it is impossible for this court to determine her claim that all the testimony before the trial court and jury is not in accord with the statement of facts as set forth in plaintiff in error's brief. However, the question before this court is not specifically upon the weight of the evidence.

We note from the record that when Dr. Talbot was being examined as a witness that the trial court did say: "Doctor, you are not trying this case," and, again, "If the Doctor will listen to the questions and answer the questions." We recognize that it is impossible to put into the record the conduct, demeanor and attitude of a witness while testifying, but it is a well recognized rule that the trial court has not only the right to rule upon objections to questions but it is also within his right and province to instruct a witness to answer the questions as propounded, and a witness has no right to lecture the court and the jury on theories of his own. So far as shown by the record before us, the trial court in an orderly and proper manner cautioned the doctor with reference to his testimony, and in so doing what he did could not have been prejudicial in this case, particularly as the doctor's testimony would and could be considered only as to the extent of the injury and not on the question of negligence or liability. So that the question arises, "Can it be said that by the court making the statements hereinbefore referred to in the testimony of Dr. Talbot, that there was an abuse of discretion?" We are of the opinion that this question is properly answered in **39 Ohio Jurisprudence, 663, §87,** which provides:

"When the trial court in the exercise of a discretion makes an order or ruling or does an act in the conduct of the trial, its action will not be disturbed by the reviewing court unless it plainly appears that there has been an abuse of discretion whereby the rights of the party complaining have been prejudiced."

It is the duty of a trial court to see to it that a case is conducted in such a manner as to keep out error. We are of the opinion that the court's remarks, as shown by the record, could not have been prejudicial.

With reference to the second contention set forth in the petition in error of the plaintiff in error relative to the exhibits of the defendant, we note pages 12, 13 and 14 of the record disclose that no attempt was made to identify the exhibits by the cross-examination of Bennie Booksbaum, the driver of the car in which plaintiff in error was riding. The record shows that these exhibits were used simply to discredit the testimony of this witness as to what he claimed to have seen at a distance, by showing that he could not see sufficiently well when holding a large photograph of his own car, defendant's exhibit 1, in his own hands, to show what car it was, and the record discloses that he did say that exhibit 1 was a picture of the Ford driven by the defendant, whereas, in truth and fact, it was the Durant car owned by his wife, which he himself drove. The only purpose which the photographs could serve was to show the point of contact between the two cars, the extent of the injury to the automobiles not being a question before the jury.

It is quite possible that a more efficient identification and proof might have been made, but it was sufficient identification to permit the court to allow the admission of the exhibits. So we find no error in the admission of these exhibits.

On her third complaint plaintiff in error objects to a portion of the court's charge, as set forth in the record on page 35, which is as follows:

"As a general rule of law negligence is never presumed, but the party claiming negligence must prove the same by the greater weight of the evidence; and the presumption of law is that the defendant is not guilty of negligence, and this presumption prevails until overcome by the evidence submitted to you."

Before there could be any recovery in this case it was necessary for plaintiff to prove all or a part of the negligence claimed against the defendant, and that presumption prevails until overcome by evidence.

We do not agree with counsel for plaintiff in error that there was any undue burden placed upon the plaintiff by reason of the charge complained of.

We note that there was no contributory

negligence in this case, either in the pleading, evidence or charge of the court, and as to the correctness of this charge we cite 126 Oh St, 227:

"The presumption of law is that neither party was guilty of the negligence or wrongful conduct alleged, and such presumption must prevail until it is overcome by the evidence in the case."

We note that the court also charged as follows:

"By a preponderance of evidence is meant the greater weight of the evidence. It does not mean that you should be convinced beyond a reasonable doubt or to a mathematical certainty. It simply means that you are to take this evidence in your minds and weigh it carefully, coolly and calmly. Apply to this testimony which you have heard from the witness your best judgment and your experience, and the preponderance of the evidence will be where you find the greater weight to be. Briefly, it is the evidence that influences your mind in arriving at a verdict. If the evidence on one side outweighs the evidence on the other, then such side is said to have the weight or preponderance of the evidence."

We believe that this charge is in substantial compliance with the rule on preponderance of evidence as laid down and defined in 17 **Ohio Jurisprudence**, 390, §308. We have read the entire charge in this case and we are of the opinion that it fairly presents the law governing the case, that the case was properly tried and submitted on a proper charge, and that there is no error in the record prejudicial to the rights of plaintiff in error.

It therefore follows that the finding and judgment of the trial court will be affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.