DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of the Lucas County Court of Common Pleas, Juvenile Division. There, the court terminated parental rights and awarded permanent custody of seven children to a county children's service agency. Legal custody of an eighth child was awarded to the child's maternal grandmother. Because the trial court's judgment was supported by the evidence, we affirm.
At issue in this matter is the custody of seventeen year old Crystal C., and her siblings, Tammy, fifteen, Ernest, Jr., twelve, Billy, ten, Courtney, nine, David, seven, and Justin, five. All are the children of appellant Roberta C. and her husband Ernest C., Sr. Another child, three year old Alex W., is the child of Roberta C. and appellant Kevin W. Ernest, Sr. is not a party to this appeal. Appellee is the Lucas County Children Services Board.
Appellee's previous involvement with this family is somewhat clouded. Although there are allusions to earlier contact, our record begins with a 1998 dependency, neglect and abuse complaint for nine children, which included a daughter who is now emancipated. Although substantial interlineation of this complaint makes it difficult to understand, it appears that at the time of the complaint and the concomitant removal of the children from the home, Ernest C., Sr., stood accused of sexually molesting his two oldest daughters and a niece.[1] The complaint alleges that even though appellant Roberta C. was aware of these allegations, she permitted the children to stay with their father. Moreover, it was alleged that appellant Roberta C. was now sharing a household with appellant Kevin W. and the two were involved in incidents of domestic violence which were viewed by the children. A subsequent amendment to the complaint alleged that the children were educationally and medically neglected.
The children were removed from the home. Eventually Crystal was adjudicated abused and neglected, the remainder of the children were adjudicated neglected.
After the children were removed from the home, an investigation revealed a number of deficiencies. Because of her stated distrust for the public school system, appellant Roberta C. had attempted to home school all of the children, even though Roberta C. did not have a high school diploma or its equivalency. When removed from the home, nearly all of the children were performing two or more grade levels below normal for their age. Crystal, age fifteen when she was removed, was reading at a first grade level. All improved dramatically once in foster homes. Even so, appellant Roberta C. later interfered with Crystal's placement in a learning disabled class by insisting that the teenager be placed in a charter high school. This forced Crystal to attempt to perform at an academic level for which she was wholly unprepared. After this, Crystal began to run away from foster homes. Indeed, she had been missing for several months at the time of the dispositional hearing.
Medically, appellant Roberta C. could not demonstrate that the children had received their required inoculations. One child's dental care was so neglected that one of her teeth fell out during brushing while in foster care. Moreover, Roberta C. told a caseworker that she would take the children to medical appointments only if it was "convenient" to her.
Both appellants were referred for a psychological evaluation. The test results were, however, invalid, indicating that appellants were attempting to manipulate the test.
Appellant Roberta C. was enrolled in parenting classes. Appellant Kevin W. took anger management training. Even so, at the dispositional hearing, caseworkers testified that Roberta C. remained unable to control her children, citing her belief that the children should live "freely." Kevin W.'s anger management counselor testified that although in the beginning he felt Kevin was making progress, Kevin now maintains that he has no anger problem. Both parents continue to suspect the public schools, appellee's caseworkers, the children's physicians, psychiatrists and psychologists. This behavior continued, according to testimony, even to the date of the dispositional hearing.
Following a lengthy dispositional hearing, the trial court concluded that the children could not and should not be placed with either of appellants for a reasonable period of time and that it was in the best interests of all the children, except Crystal, that permanent custody be awarded to appellee. The court awarded legal custody of Crystal to her maternal grandmother.
From this disposition, appellants now bring this appeal. Appellants set forth the following "STATEMENT OF QUESTION PRESENTED" which we shall construe as their assignment of error:
 "I. THAT THE JUVENILE COURT ERRED IN THAT THE EVIDENCE LACKED THE CLEAR AND CONVINCING STANDARD THAT ROBERTA C., MOTHER AND KEVIN W., FATHER HAVE NOT SHOWN SUBSTANTIAL IMPROVEMENT AND WOULD NOT BE ABLE TO ADEQUATELY PARENT IN THE NEAR FUTURE AS REQUIRED BY O.R.C. 2151.414."
In essence, appellants assert that there was insufficient evidence to support the trial court's decision to terminate their parental rights.
R.C. 2151.414 provides that a parent's rights may not be terminated unless the court finds evidence that 1) the child, "* * * cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents," R.C. 2151.414(B)(1)(a), and 2) that a grant of permanent custody of a child to a children's service agency is in the child's best interests. R.C. 2151.414(B). The statute sets forth a list of sixteen predicate findings, one of which must be established prior to a judicial conclusion that a child cannot or should not be placed with the child's parent. R.C. 2151.414(E); see Inre William S. (1996), 75 Ohio St.3d 95, syllabus.[2] The statute also enumerates certain criteria for evaluating whether permanent custody with a children's services agency is in the child's best interests. R.C.2151.414(D)(1) through (4).
All of the court's findings must be supported by clear and convincing evidence. R.C. 2151.414(B). In re Forest S. (1995), 102 Ohio App.3d 338,345. "Clear and convincing" evidence is evidence sufficient to produce in the mind of the trier of fact "a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
In this case, the trial court found five of the R.C. 2151.414(E) factors applicable to the parents of these children: R.C. 2151.414(E)(1), (4), (12), (14), and (16).
R.C. 2151.414(E) directs that a court shall enter a finding that a child cannot or should not be placed with the child's parent if it finds:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
"* * *
 "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
"* * *
 "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
"* * *
 "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
"* * *
"(16) Any other factor the court considers relevant."
If any one of these findings is supported by the evidence, we must sustain the trial court's conclusion that these children cannot or should not be reunited with their parents within a reasonable time. In re StacyS. (1999), 136 Ohio App.3d 503, 521.
The R.C. 2151.414(E)(12) finding relates only to Ernest, Sr., who is not a party to this appeal. The court does not specify what "other factor" it considers relevant; therefore, we have no basis to analyze an R.C. 2151.414(E)(16) finding.
The court's remaining findings are interrelated. Reference to the original complaint reveals that the primary engine driving the removal of these children from the home was Ernest, Sr.'s sexual molestation of his two oldest daughters. Ernest, Sr., is now incarcerated and not a party to this appeal. In fairness, though, it is also apparent from the original complaint that the causes for the children's removal directed at appellant Roberta C. and appellant Kevin W. were the formers' failure to protect and to provide for the children and the latter's volatile displays of temper.
The scope of Roberta C.'s neglect of these children was not apparent until they were in appellee's custody and subject to evaluation and examination. It was only then that it became clear that Roberta C.'s misguided attempts at home schooling had been disastrous for these children, as well as her abject failure to provide them with medical and dental care.
At trial, there was testimony that Roberta C.'s inattention to the needs of her children arose from an almost pathological distrust of authority. She distrusted the school system. She distrusted appellee. She distrusted physicians. She distrusted the psychologist charged with administering personality tests to the extent that her answers to the test invalidated its results.
The testimony at trial was that Roberta C. continued her distrust of those attempting to help her and, notwithstanding parenting classes, budgeting help, counseling and numerous other services, continues the behavior which caused the children to be removed from the home. To some extent, Roberta C.'s own testimony supports this conclusion.
Consequently, there was evidence presented, which the trial court could have found clear and convincing, that appellant Roberta C., notwithstanding reasonable case planning and diligent efforts by the agency, failed to remedy the conditions which caused the children to be placed outside the home. Moreover, this same finding supports conclusions that Roberta C. showed an unwillingness to provide an adequate home and was unwilling to provide for the children's necessities.
Accordingly, there was sufficient evidence to support the court's R.C.2151.414(E) findings relative to appellant Roberta C.
With respect to appellant Kevin W., in addition to his alliance with Roberta C. and their shared distrust of authority, his part of the removal equation was uncontrolled domestic violence. The undisputed testimony from Kevin W.'s anger management counselor was that after a good start, Kevin W. regressed and most recently denied he had a problem with his anger, in spite of multiple indices to the contrary. This would support the trial court's R.C. 2151.414(E)(1) finding with respect to appellant Kevin W.
Accordingly, there was sufficient evidence submitted to the court to support a conclusion that these children cannot now, nor within a reasonable period of time, be placed with either parent. Moreover, there was sufficient evidence presented to support the court's determination that it was in the children's best interests that appellants' parental rights be terminated.
Appellants' sole assignment of error is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellants.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., and Mark L. Pietrykowski, P.J., CONCUR.
[1] Ernest, Sr., was convicted of multiple counts of sexual assault and gross sexual imposition in separate proceedings and was also adjudicated a sexual predator. He is now incarcerated.
[2] Appellee suggests that 1999 amendments to R.C. 2151.414 negate the necessity of a finding of one of the R.C. 2151.414(E) factors to support a determination that a child cannot or should not be placed with a parent. This issue is not present in this case because the termination judgment satisfies R.C. 2151.414(B)(1)(a). We, therefore, need not reach the constitutionality of R.C. 2151.414(B)(1)(d). See In re MichaelLaird (May 23, 2001), Wayne App. No. 01CA0005, unreported, Carr, J., concurring.