OPINION JUDGMENT ENTRY
{¶ 1} Appellants Amy Richards and Franklin Richardson have jointly filed this appeal from the judgment entered in the Guernsey County Court of Common Pleas, Family Court Division, which terminated all parental rights, privileges and responsibilities of appellants with regard to their minor child and ordered that permanent custody of the minor child be granted to the Guernsey County Children Services Board [hereinafter CSB].
{¶ 2} This appeal is expedited, and is being considered pursuant to App.R. 11.2(C). The relevant facts leading to this appeal are as follows.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} The undisputed facts are as follows:
{¶ 4} Appellants Amy Richards and Franklin Richardson are the natural mother and father of Tiffany Richardson who was born on July 2, 2002 [hereinafter minor child]. Appellants were living together but are not married to one another.
{¶ 5} Appellant-mother Amy Richards has a history of mental illness, including bi-polar disorder and borderline personality disorder and is currently under psychiatric care. (T. at 9).
{¶ 6} Appellant-father Franklin Richardson suffers from adjustment disorder and is of a limited ability to cope with the stress of the home and the environment. He suffers from panic attacks and anxiety with depressed moods (T. at 14, 21).
{¶ 7} On September 9, 2003, the trial court signed and ex-parte order finding probable case to believe that the minor child may be a dependent child and granted temporary custody to CSB.
{¶ 8} The situation which gave rise to the ex parte order was that Amy Richards had been jailed for a theft offense and Franklin Richardson left the minor child with Sharon Efaw, a mentally handicapped neighbor woman. (T. at 9-12)
{¶ 9} On or about September 10, 2003, CSB moved for emergency custody and permanent custody and filed a Complaint in the Guernsey County Court of Common Pleas, Family Court Division, alleging that the minor child was a dependent and neglected child. The trial court held a probable cause hearing on the same day with the mother present at said hearing. Service had not been made on the father so he was not in attendance. At the conclusion of the hearing, the trial court granted temporary custody of the minor child to CSB.
{¶ 10} On October 29, 2003, a pretrial was held in this matter.
{¶ 11} On October 30, 2003, CSB filed a motion to eliminate the requirement that CSB make reasonable efforts at reunification. The basis for this motion was that Appellant mother had previously had her parental rights involuntarily terminated as to five children and Appellant father had previously had his parental rights involuntarily terminated as to two children, all of whom were siblings to the minor child in the case sub judice.
{¶ 12} On November 5, 2003, an adjudicatory hearing was held and the minor child was found to be dependent and neglected and temporary custody was continued with CSB.
{¶ 13} On November 19, 2003, the trial court denied CSB's motion to eliminate the reasonable efforts requirement. The trial court reasoned that it did not want to prejudge the case.
{¶ 14} On December 8, 2003, a dispositional review hearing was conducted. At said hearing the trial court heard testimony from Elizabeth Coughenour, a licensed counselor, who had worked with Appellant Amy Richards and felt that she needed long-term individualized counseling, and exhibited concerns about her ability to care for more than one child at a time. (T. at 10-13). The trial court also heard testimony from Mary Jamial, the woman who has Sharon Efaw's power attorney, with regard to the fact that Ms. Efaw is mentally handicapped. (T. at 33-42). Additionally, the trial court heard testimony from Franklin Richardson, Amy Richards and Sarah Darby, a CSB caseworker.
{¶ 15} The trial court issued a Judgment Entry and Findings of Fact and Conclusions of Law which granted permanent custody to CSB.
{¶ 16} Thus, it is from this Judgment Entry that appellants now appeal, raising the following assignments of error:
 ASSIGNMENTS OF ERROR
{¶ 17} "I. The trial court erred to the prejudice of appellant by excusing the children services board form its responsibility to make reasonable efforts at reunification.
{¶ 18} "II. The trial court's findings were against the manifest weight of the evidence."
 I.
{¶ 19} In the first assignment of error, Appellants contend that the trial court committed error by failing to find that CSB was excused from its responsibility to make reasonable efforts at reunification. We disagree.
{¶ 20} Revised Code § 2151.419 normally imposes a duty on the part of CSB to make reasonable efforts to reunite parents with their children where the agency has removed the children from the home. In re Brown (1994), 98 Ohio App.3d 337, 344,648 N.E.2d 576. However, an agency with temporary custody of a child may be relieved of that duty under several circumstances, and a determination as to whether the agency made reasonable efforts is not necessary for an award of permanent custody pursuant to R.C. § 2151.414. In re Evans (Oct. 30, 2001), Allen App. No. 1-01-75,2001-Ohio-2302. One exception to this requirement is where the parents have previously had their parental rights involuntarily terminated with regards to a sibling of the child. R.C. §2151.419(A)(2)(e). Such is the case here, as discussed above, both the minor child's mother and the father had each had their parental rights with respect to her siblings previously terminated. Therefore, the statute exempts CSB from the reasonable effort requirement of R.C. § 2151.419.
{¶ 21} Moreover, R.C. § 2151.413(C) specifically mandates that "[t]he court shall not deny an agency's motion for permanent custody solely because the agency failed to implement any particular aspect of the case plan."
{¶ 22} Upon review of the trial court's Judgment Entry filed on December 17, 2003, the court found that CSB was not required to produce a reunification plan and did not have to make reasonable efforts for reunification.
{¶ 23} Based on the foregoing and in accordance with R.C.2151.419(A)(2)(e), we find that the trial court did not err in finding that CSB was not required to use reasonable efforts for reunification.
{¶ 24} Appellants' first assignment of error is overruled.
 II.
{¶ 25} In their second assignment of error, Appellants claim the trial court's findings were against the manifest weight of the evidence. We disagree.
{¶ 26} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
{¶ 27} Before a juvenile court can terminate parental rights and award permanent custody of a child to a proper moving agency, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least twelve of the prior twenty-two months, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C. § 2151.414(E); and (2) the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C. § 2151.414(D). See R.C. § 2151.414(B)(1) and § 2151.414(B)(2); see, also, In re William S. (1996),75 Ohio St.3d 95, 99, 661 N.E.2d 738. Clear and convincing evidence is that which will cause the trier of fact to develop a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
{¶ 28} Revised Code § 2151.414(E) sets forth a list of sixteen predicate findings, one of which must be established prior to a judicial conclusion that a child cannot or should not be placed with the child's parent; In re William S. (1996),75 Ohio St.3d 95, 1996-Ohio-182, syllabus. The statute also enumerates certain criteria for evaluating whether permanent custody with a children's services agency is in the child's best interests. R.C. § 2151.414(D)(1) through (4). All of the court's findings must be supported by clear and convincing evidence, R.C. § 2151.414(B), and will not be overturned as against the manifest weight of the evidence if the record contains competent credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established. In re Forest S. (1995),102 Ohio App.3d 338, 345, 657 N.E.2d 307; Cross v. Ledford
(1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
{¶ 29} R.C. § 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows
{¶ 30} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section § 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
{¶ 31} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties;
{¶ 32} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
{¶ 33} "(3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03
of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
{¶ 34} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
{¶ 35} "(5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
{¶ 36} "(6) The parent has been convicted of or pleaded guilty to an offense under division (A) or (C) of section 2919.22 or under section 2903.16, 2903.21, 2903.34, 2905.01, 2905.02,2905.03, 2905.04, 2905.05, 2907.07, 2907.08, 2907.09, 2907.12,2907.21, 2907.22, 2907.23, 2907.25, 2907.31, 2907.32, 2907.321,2907.322, 2907.323, 2911.01, 2911.02, 2911.11, 2911.12, 2919.12,2919.24, 2919.25, 2923.12, 2923.13, 2923.161, 2925.02, or 3716.11
of the Revised Code and the child or a sibling of the child was a victim of the offense or the parent has been convicted of or pleaded guilty to an offense under section 2903.04 of the Revised Code, a sibling of the child was the victim of the offense, and the parent who committed the offense poses an ongoing danger to the child or a sibling of the child.
{¶ 37} "(8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body;
{¶ 38} "(9) . . .
{¶ 39} "(10) The parent has abandoned the child;
{¶ 40} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or2151.415 of the Revised Code with respect to a sibling of the child.
{¶ 41} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing;
{¶ 42} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
{¶ 43} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect;
{¶ 44} "(15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
{¶ 45} "(16) Any other factor the court considers relevant."
{¶ 46} Here, under R.C. § 2151.414(E)(11), the finding that parental rights for a child's sibling have previously been involuntarily terminated reflects on both the minor child's mother and father. Evidence was presented that each of the appellants parental rights to other children had been terminated, the mother as to five other children and the father as to two other children.
{¶ 47} R.C. § 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. § 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
{¶ 48} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
{¶ 49} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
{¶ 50} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
{¶ 51} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
{¶ 52} "(5)Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
{¶ 53} The trial court found that it was in the best interests of the child for permanent custody to be granted to CSB "due to the inability of the parents to have a stable home and their inability to care for the child's most basic needs during infancy" and that the "protection of the child required permanent custody be granted" to CSB. (Dec. 17, 2003, Judgment Entry at 4).
{¶ 54} The court also found that the factors in (E)(11) of this section applied in that "the mother has had parental rights terminated for five different children on two prior occasions and the father for two children on one occasion." Id.
{¶ 55} As stated previously, the trial court heard testimony from Ms. Coughenour, a licensed counselor. It was the opinion of Ms. Coughenour, that the two parents, Amy and Frank, together, could cope with caring for one minor child. (T. at 24-28). It was her opinion that "as long as Amy and Frank are together", despite each individual Appellant's mental health problems, they could care for one child. Id. She stated that it would not require Frank to be with Amy around the clock because she felt that Amy is "very adept in letting Frank know when she is not doing well". (T. at 26).
{¶ 56} We question the basis of such opinion due to the evidence presented that Appellant Frank Richardson was unable to care for the minor child in the absence of Amy Richards while she was incarcerated. Such parents cannot realistically be jointly present twenty-four hours a day to provide appropriate care for the minor child. The trial court correctly rejected this opinion.
{¶ 57} We find the evidence to be substantial and credible that it is in the children's best interest to be provided with a safe and stable home environment which can only be available through permanent custody.
{¶ 58} Upon review, we find the trial court had clear and convincing evidence before it to grant appellee permanent custody of the children.
{¶ 59} Appellants' second assignment of error is overruled.
{¶ 60} Accordingly, we find that the trial court's award of permanent custody to CSB was not against the manifest weight of the evidence. The judgment of the Guernsey County Court of Common Pleas, Juvenile Division is affirmed.
Boggins, J., Gwin, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Juvenile Division, Cambridge Ohio, is affirmed. Costs assessed to Appellants.