DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas, Juvenile Division, which terminated the parental rights of appellant Robert J. and granted permanent custody of appellant's child to appellee Lucas County Children Services ("LCCS"). For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} Appellant is the father of the child at issue in this case: Robert J., II, born in September 2004. The mother of the child, Jamie J., is not a party to this appeal. The facts of this case are adduced from the permanent custody hearing held on December 18, 2006.
 {¶ 3} At the hearing, the mother consented to the permanent custody of Robert J., II to LCCS. Appellant was not present. Appellant's attorney moved to withdraw from representation because appellant had not contacted the attorney despite the attorney's efforts to contact appellant. Appellant's counsel elaborated that these efforts included perfected service by mail and attempted phone contact. Appellant's counsel also stated that because he had no contact with appellant, he had no knowledge as to what appellant's wishes were with regard to his son. The trial court granted appellant's attorney leave to withdraw.
 {¶ 4} The LCCS caseworker, Amy Rose, testified that she was assigned the case in mid-August 2006, but the case was opened in November 2004, when Robert J., II was less than two months old. At that time, LCCS filed a complaint based on allegations of physical abuse of one of Robert J., II's half siblings, domestic violence, and substance abuse. Appellant was alleged to have caused the physical abuse of the half sibling. The children were removed from the home. Temporary custody was awarded to LCCS after the half-sibling was adjudicated to be abused and Robert J., II was adjudicated to be dependent. Robert J., II was placed in foster care. *Page 3 
 {¶ 5} The caseworker testified that the case plan for appellant included parenting classes, domestic violence classes, a diagnostic assessment and substance abuse services. Appellant received a diagnostic assessment in 2004 and was referred to some community support groups and substance abuse services. To the caseworker's knowledge, appellant did not participate in any substance abuse services and he attended some domestic violence classes but did not complete them. Regarding the parenting classes, the caseworker testified that appellant attended them sporadically, but that the provider did not notice any positive changes in his parenting.
 {¶ 6} Weekly visitations between appellant and Robert J., II were scheduled at the agency. However, the caseworker indicated that appellant's attendance was very sporadic — appellant would make one visitation every four or five weeks. She also stated that the last visitation which appellant made before the December 18, 2006 permanent custody hearing was the first week of August 2006.
 {¶ 7} The caseworker also testified regarding her failed attempts to contact appellant to facilitate successful completion of the case plan. She stated that she sent him letters every month requesting that he meet with her or otherwise contact her. None of the letters was returned. She also tried unsuccessfully to contact him with a phone number she had. The caseworker opined that appellant had not been compliant with his case plan, had not completed services successfully, and had shown no interest in doing so. *Page 4 
 {¶ 8} The caseworker opined that Robert J., II is an adoptable child and that his current foster parents are possible adoptive parents.
 {¶ 9} Next, the trial court made an inquiry of the guardian ad litem. Noting appellant's lack of progress with the case plan, she stated that appellant was not receptive with regard to applying himself to services offered by LCCS from the very beginning. She also noted her concerns for Robert J., II's safety if he had unsupervised contact with appellant, given appellant's lack of progress and the "significant" physical injury to Robert J. . II's half sibling, allegedly at the hands of appellant. The guardian ad litem opined that it was in the best interest of Robert J., II that appellant's parental rights be terminated, and that LCCS be awarded permanent custody.
 {¶ 10} Following closing statements from the LCCS attorney and the guardian ad litem, the trial court took the matter under advisement pending receipt of the guardian ad litem's written report and recommendation.
 {¶ 11} The guardian ad litem's written report and recommendation indicated that she had the opportunity to speak at length with appellant back in May 2006 when he indicated that he intended to complete various case plan services. However, the guardian stated that appellant was discharged unsuccessfully from domestic violence group counseling due to excessive "no shows." The guardian ad litem also noted that the parenting class provider indicated that appellant was unsuccessful because of his excessive no shows and a lack of consistency in his family relationships. The guardian *Page 5 
ad litem concluded that appellant and Robert J., II's mother have continued their volatile and unhealthy relationship and that neither parent has chosen to place the best interest of the child ahead of his or her own interests. The guardian ad litem noted the positive nurturing environment of Robert J., II's foster home and the child's bond with the foster parents. The guardian ad litem recommended that permanent custody be awarded to LCCS so that Robert J., II could be placed for adoption.
 {¶ 12} On January, 8, 2007, the trial court issued its decision in a judgment entry. The trial court noted that despite being duly served and notified, appellant did not appear at the hearing. The trial court found that the child could not be placed with either the mother or appellant within a reasonable period of time or should not be placed with them. In addition, the trial court found that appellant had abandoned the child as a matter of law. The trial court further found it relevant that appellant physically assaulted a sibling of this child and yet had not completed domestic violence counseling. The trial court concluded that termination of appellant's parental rights was in the best interest of the child and ordered that Robert J., II be committed to the permanent custody of LCCS for purposes of adoptive placement and planning.
 {¶ 13} Appellant now appeals, setting forth the following assignment of error:
 {¶ 14} "The caseworker testifying about Appellants [sic] compliance with the case plan did not have first hand knowledge about Appellant's compliance thus the manifest weight of the evidence did not support a finding under ORC 2151.414(B)." *Page 6 
 {¶ 15} Under R.C. 2151.414(B)(1):
 {¶ 16} "[T]he court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 17} "(a) The child is not abandoned or orphaned * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 18} "(b) The child is abandoned. * * *"
 {¶ 19} In the present case, the trial court apparently found both (a) and (b) were met by clear and convincing evidence, finding both that Robert J., II was abandoned by appellant as a matter of law and that Robert J., II could not be placed with either the mother or appellant within a reasonable time or should not be so placed with either of them.
 {¶ 20} R.C. 2151.414(D) lists the factors that the court shall consider in order to determine the best interests of the child. That section provides:
 {¶ 21} "(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 [2151.35.3] or division (C) of section 2151.415[2151.41.5] of the Revised *Page 7 
Code, the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 22} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 23} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 24} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 25} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 26} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 27} Finally, as to whether "the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents," R.C. 2151.414(E) provides: *Page 8 
 {¶ 28} "In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 29} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. *Page 9 
 {¶ 30} "(2) * * * chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 {¶ 31} "* * *
 {¶ 32} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 33} "* * *
 {¶ 34} "(10) The parent has abandoned the child.
 {¶ 35} "* * *
 {¶ 36} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 37} "* * *
 {¶ 38} "(16) Any other factor the court considers relevant." *Page 10 
 {¶ 39} As set forth in the above-quoted statutory sections, the trial court's findings must be supported by clear and convincing evidence. The Supreme Court of Ohio has held that clear and convincing evidence is:
 {¶ 40} "* * * that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 41} Further, the finding by the trial court will not be overturned as against the manifest weight of the evidence if the record contains competent credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established. In re MiajaniqueW., 6th Dist. No. L-06-1088, 2006-Ohio-6295, ¶ 38 citing In re ForestS. (1995), 102 Ohio App.3d 338, 344-345; Cross, paragraph three of the syllabus.
 {¶ 42} In his assignment of error, appellant contends that a finding of a factor under R.C. 2105.414(B) is not appropriate when the only testimony regarding that factor is elicited from a caseworker who does not have first-hand knowledge about the information. In response, LCCS asserts that because appellant did not attend the permanent custody hearing, he waived any objection to the caseworker's alleged lack of first-hand knowledge. LCCS claims that, at best, appellant could only succeed on this *Page 11 
point on appeal if it rose to the level of plain error. LCCS further contends that there was no plain error by the trial court in relying on caseworker Rose's testimony.
 {¶ 43} Initially, we note that testimony of the caseworker alone can provide a sufficient basis for a trial court's termination of parental rights. See In re Jeff C. (Feb. 5, 1999), 6th Dist. No. L-97-1355. In the present case, it is true that caseworker Rose was new to the case in mid-August 2006, four months before the permanent custody hearing. However, the caseworker testified that she had an opportunity to review the records of the case prior to the time that it was assigned to her. Further, to the extent that the caseworker was testifying to "`* * * the nuts and bolts as to whether appointments were kept, that referrals were made and that there has been no documentation or evidence made of any completion,'" the testimony was admissible. See In re Thompson, 10th Dist. Nos. 02AP-557, 02AP-558, 2003-Ohio-580, ¶ 40. These items are part of the recordkeeping that is required by a caseworker in order to see if there's compliance with the case plan and such testimony is not considered inadmissible hearsay. Id., ¶ 42. However, the caseworker's testimony regarding the parenting class provider's evaluation to the effect that appellant did not demonstrate any positive changes in his parenting might be construed as inadmissible. Testimony as to what a third person has evaluated is generally hearsay. Id.
 {¶ 44} Even disregarding that particular portion of the caseworker's testimony, clearly, the bulk of her testimony was admissible as the "nuts and bolts" of the case plan. *Page 12 
Finally, the trial court had input from the guardian ad litem who had been on the case from the inception. We conclude that the trial court had sufficient admissible facts and evidence before it to render its decision.
 {¶ 45} With regard to the evidence presented, LCCS contends that Robert J., II was abandoned by appellant as a matter of law, and therefore, R.C. 2151.414(B)(1)(b) was proved and satisfied. LCCS is referring to appellant's lack of contact since making his last scheduled visitation on August 4, 2006 before the December 18, 2006 permanent custody hearing. For purposes of R.C. 2151.414(B)(1)(b), "abandoned" is defined by R.C. 2151.011(C), which provides that "a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days." In re Donnell F., 6th Dist. No. L-04-1308, 2005-Ohio-4175, ¶ 35. We agree with the trial court that clear and convincing evidence demonstrated that appellant had abandoned Robert J., II as a matter of law.
 {¶ 46} Even if Robert J., II was not considered abandoned, the trial court made another finding under R.C. 2151.414 (B)(1)(a) that he could not be placed with either of his parents within a reasonable time or should not be placed with his parents. Under R.C. 2151.414(E), appellant has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home. Appellant failed to recognize the significance of the domestic violence and parenting issues that caused *Page 13 
physical injury to Robert J., II's half sibling and caused Robert J., II to be adjudicated dependent. Appellant failed to successfully utilize the services offered to remedy these issues. According to the guardian ad litem's investigation, appellant and the mother continue their "volatile and unhealthy" relationship. As the guardian ad litem noted, the risk of physical harm to Robert J., II under these circumstances is too great. In addition, appellant has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child. LCCS demonstrated by clear and convincing evidence that the child cannot and should not be placed with either parent within a reasonable time.
 {¶ 47} Relative to the R.C. 2151.414(D) factors of the best interest of the child, there was evidence that Robert J., II was bonded with the foster caregivers and they were considering adoption of Robert J., II. In contrast, appellant had a virtually nonexistent relationship with the child because he had missed so many scheduled visitations. Further, the custodial history of Robert J., II reveals that up until the permanent custody hearing, he had spent virtually all of his life in substitute care. LCCS demonstrated by clear and convincing evidence that the best interest of the child is served by permanent custody to LCCS.
 {¶ 48} We find the manifest weight of the evidence supports the trial court's decision. Accordingly, appellant's assignment of error is not well-taken. *Page 14 
 {¶ 49} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., William J. Skow, J. CONCUR. *Page 1