DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating parental rights and granting permanent custody of three children to a children's services agency. For the reasons that follow, we affirm.
 {¶ 2} Five-year-old Daniel V, two-year-old James and one-year-old Shane are the sons of appellants, Sara K. and Daniel D. IV. Appellee is the Lucas County Children Services Board.
 {¶ 3} The family first came to appellee's attention in the fall of 2001. At that time, appellant mother and then one-year-old Daniel V were staying at the home of the child's maternal grandmother when the boy was found to have what may have been two cigarette burns on his body. Appellants denied inflicting these wounds, but were unable to explain their source.
 {¶ 4} Daniel's unexplained burns and the unsanitary conditions of the maternal grandmother's home caused appellee to seek and obtain an adjudication that he was abused and neglected. Daniel was removed from his home and a reunification plan created, consisting of parenting classes for both parents.
 {¶ 5} Appellants were unsuccessful in their first attempt at parenting classes and were enrolled in a second series of classes a year later when James was born. James, too, was removed from appellants' home and placed in appellee's custody.
 {¶ 6} By August 2003, appellants had acquired independent housing and made some progress with parenting classes. As a result, James and Daniel were returned to their mother under appellee's protective supervision. In December, however, James sustained a spiral fracture to his leg. Again, appellants could not explain how this occurred, although there was speculation that the injury was due to Daniel's aggressive behavior.
 {¶ 7} In July 2004, Daniel suffered injuries to his head and face when, according to Daniel, his father pushed him in an attempt to get him to walk faster. While investigating this injury, appellee discovered that the family was again living with the children's maternal grandmother. On this information, appellee filed a complaint alleging abuse and neglect of all three children. Appellee requested that appellants' parental rights be terminated and that it be granted permanent custody of Daniel, James and Shane.
 {¶ 8} Following a hearing, the court adjudicated the children neglected. After a dispositional hearing, the court found that the children cannot and should not be placed with either of their parents within a reasonable period and that an award of permanent custody to appellee is in the children's best interest. On these findings, the court terminated appellants' parental rights and granted permanent custody to appellee.
 {¶ 9} From this judgment, appellants now bring this appeal, setting forth the following single assignment of error:
 {¶ 10} "The trial court erred in granting Lucas County Children Services Board's motion for permanent custody as it was against the manifest weight of the evidence to grant it."
 {¶ 11} As we have recently noted:
 {¶ 12} "In Ohio, it has long been held that parents who are suitable persons maintain a paramount right to custody of their minor children.Clark v. Bayer (1877), 32 Ohio St. 299, 310; In re Perales (1977),52 Ohio St.2d 89, 97, 369 N.E.2d 1047; In re Murray (1990),52 Ohio St.3d 155, 157, 556 N.E.2d 1169. The state may not award permanent custody of a child absent a predicate finding that the child's natural parents are unsuitable. In re Perales, supra, syllabus.
 {¶ 13} "The Ohio General Assembly most recently has defined parental unfitness for a child who is not abandoned or orphaned as a finding that the child, `* * * cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.' R.C. 2151.414(B)(1)(a). To enter such a finding, the court must conclude that the evidence presented clearly and convincingly discloses that the parent in question is unsuitable for one of the reasons articulated in R.C. 2151.414(E). In re William S. (1996), 75 Ohio St.3d 95,1996 Ohio 182, 661 N.E.2d 738, syllabus." In re Alexis Kaye K.,160 Ohio App.3d 32, 39, 2005-Ohio-1380, at ¶ 23-24.
 {¶ 14} Appellants insist that the trial court's decision to terminate their parental rights is against the manifest weight of the evidence. Since all findings in a termination of parental rights proceeding must be supported by clear and convincing evidence, a court's decision to terminate parental rights will not be disturbed on appeal if the record contains competent, credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements for a termination of parental rights have been established. Id. at 40,2005-Ohio-1380, at ¶ 26, citing In re Forest S. (1995),102 Ohio App.3d 338, 345; Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 15} In its judgment entry, the court found that these children cannot be placed with either parent within a reasonable time or should not be placed with either parent. Underlying this conclusion was a determination that the evidence clearly and convincingly established the necessary elements of R.C. 2151.414(E)(1), (3), (4) and (14).[1] If any one of these predicate findings is supported by the evidence, the court's decision must be sustained. In re Alexis K., supra, at 34, 2005-Ohio-1380, at ¶ 24.
 {¶ 16} In material part, R.C. 2151.414(E) provides:
 {¶ 17} "(E) If the court determines, by clear and convincing evidence * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 18} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 19} "* * *
 {¶ 20} "(3) The parent committed any abuse as described in section2151.031 [2151.03.1] of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 {¶ 21} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 22} "* * *
 {¶ 23} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect. * * *"
 {¶ 24} The oldest of these children was removed from the home because of apparent cigarette burns to his body. While this abuse was never linked to appellants, it is clear that their neglect of their parental duties in supervising the child contributed to his injuries. Three years later, after countless hours of parenting training, another child is seriously injured. Again, no abuse is attributable to appellants. But, again, appellants are unable to explain how the injury occurred. A few months later, there is another injury to one of the children; this one blamed on a shove by Daniel's father. Couple all of this with appellants' marginal performance in learning parenting skills and the reintroduction of the children into the maternal grandmother's house, suggests that appellants have not remedied the condition which caused the children to be removed from the home; that they have allowed the children to suffer neglect, and that they have demonstrated an unwillingness to provide an adequate permanent home and prevent neglect.
 {¶ 25} Consequently, there was competent, credible evidence in the record by which the court could have properly found the factors articulated in R.C. 2151.414(E)(1), (3), (4) and (14).
 {¶ 26} Accordingly, appellants' sole assignment of error is not well-taken.
 {¶ 27} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.
[1] The court also found that two of the children had been in the custody of a public agency for more than 12 of 22 consecutive months. This is an R.C. 2151.414(B)(1)(d) finding. We have repeatedly questioned the application of this section. In re Alexis K., supra, at 45, ¶ 58-60; In re Amber M.L., 6th Dist. No. WM-05-003, 2005-Ohio-4172, at ¶ 92; In re Samantha D., 6th Dist. No. WD-05-019, 2005-Ohio-4438, at ¶ 51, Singer, P.J., concurring. Nevertheless, since this finding is essentially surplusage to this decision, we will not address this question.